IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS A. PALOCHAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 04-421 |
| | ) |
| COUNTY OF BEAVER, PA and BEAVER, | ) |
| COUNTY SHERIFF'S OFFICE | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

BLOCH, District J.

      Presently before the Court is defendants' Beaver County ("County") and the Sheriff's Office of Beaver County ("Sheriff's Office") (collectively referred to as "Defendants") Motion for Summary Judgment ("Defendants' Motion"). For the reasons set forth in this opinion, Defendants' Motion is granted in part and denied in part.

I.      **BACKGROUND**

      Plaintiff has filed the instant action alleging violations of both the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Specifically, Plaintiff alleges that Defendants discriminated against him based on his disability and his age, and retaliated against him for his previous filing of a charge of discrimination with the EEOC, when they refused to accommodate him, failed to reinstate him to his previous

position of Deputy Sheriff and ultimately terminated his employment. (Plaintiff's Complaint ("Pl's Comp."), at pg. 1).

Defendants have filed the present motion seeking summary judgment with respect to all of Plaintiff's claims. Specifically, while attacking the merits of Plaintiff's discrimination and retaliation claims, Defendants also argue that his claims are untimely.[1]

II.     **FACTUAL BACKGROUND**

In 1986, Plaintiff began working full-time as a Deputy Sheriff with Beaver County. After being diagnosed with diabetes in 1992, Plaintiff suffered serious complications, including persistent infections in his feet, which would require him to take various periods of medical leave. In September of 1998, the infection in Plaintiff's foot flared up and he, again, went on medical leave until May of 1999, at which point Plaintiff's doctor released him to return to work, but limited him to "light duty." (Plaintiff's deposition ("Pl.'s Depo.") Ex. #9). On June 1, 1999, Plaintiff made a written request to Defendants to be returned to his former position as a deputy sheriff limited to light duty. (Pl.'s Depo., Ex. #10). On or about July 1, 1999, Defendants denied Plaintiff's

---

1.  As discussed at the pretrial conference held on March 10, 2005, because Defendants' Motion was filed out of time, the Court will not consider those substantive arguments set forth in Defendants' Motion. Therefore, the Court will address only the narrow issue of the timeliness of Plaintiff's claims in this Opinion.

2

request. (Pl.'s Depo., Ex. #14, #17). At that time, Plaintiff remained on disability leave, during which time the Plaintiff continued to seek reinstatement into the position of a full time Deputy Sheriff with accommodations.[2] (Defendants' Pre-Trial Statement, pg. 3). Ultimately, on November 29, 2001, after attempts to place Plaintiff in various other positions within the County failed, Defendants sent Plaintiff a letter informing him that they did not have a position for him and that his service and seniority were being terminated at that time. (Pl.'s Depo., Ex. #34). Subsequently, on December 2, 2001, Defendants' sent Plaintiff a formal "Termination Notice" which established that Plaintiff's termination was effective as of that day. (Pl.'s Depo., Ex. #35).

### III.    APPLICABLE LEGAL STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of

---

[2] During this time Defendants did offer Plaintiff various positions outside of the Sheriff's office for which Plaintiff did not feel he was qualified and in which he did not express an interest.

material fact." <u>Anderson</u>, 477 U.S. at 247-48. The summary judgment standard requires the issue to be genuine, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the nonmoving party with regard to that issue. <u>See id</u>. In addition, the disputed fact must be "material," meaning it might affect the outcome under the substantive law. <u>See</u> <u>Boyle v. County of Allegheny</u>, 139 F.3d 386,393 (3d Cir. 1998).

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility. <u>See id</u>. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. <u>See</u> <u>Schulz v. Celotex Corp.</u>, 942 F.2d 204, 210 (3d Cir. 1991). When an examination of the record as a whole reveals sufficient evidence for a rational trier of fact to return a verdict in favor of the non-movant, a genuine issue of material fact exists and summary judgment should be denied. <u>See</u>, <u>e.g.</u>, <u>Matsushita Elec. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

IV.       **DISCUSSION**

   A.     **Plaintiff's First Charge**

   On November 16, 1999, Plaintiff filed his first charge with the EEOC alleging that Defendants discriminated against him on the basis of his disability, in violation of the ADA. He alleged that they refused to return him to his position as a deputy sheriff performing duties with necessary accommodations but had made reasonable job accommodations for other individuals employed as deputy sheriffs in the past.

   Specifically, Plaintiff alleges that Defendants made the necessary accommodations for a deputy by the name of David Palumbo based on injuries he suffered as a result of a car accident in the line of duty, and that they continued to employ an older deputy by the name of Tony Contenna who had to work with a wooden leg for several years. Finally, he alleges that Defendants accommodated various female deputies while they were pregnant, by letting them perform office duties instead of regular deputy sheriff duties. (Plaintiff's pretrial statement, pg. #3). After reviewing the allegations contained in this charge, the EEOC issued Plaintiff a right to sue letter on July 30, 2001. (Pl.'s Depo., Ex. #30.)

   It is settled law that a claimant has 90 days from the date they receive a right to sue letter from the EEOC, absent unusual circumstances, in which to file suit on those claims. 42 U.S.C. § 2000e-5(f)(1); Burgh v. Borough of Montrose, 251 F.3d 465,

470 (3d Cir. 2001). This time limit is treated as a statute of limitations which is strictly enforced by the courts. Burgh, 251 F.3d at 471. Therefore, if the claimant fails to file suit within this 90 days time period, their claims are time barred and they forfeit their right to pursue those claims in a civil action. Id. at 470; Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 176 (3d Cir.1999).

The EEOC issued Plaintiff's right to sue letter on July 30, 2001. (Pl.'s Depo., Ex. #30). There is no question that the Plaintiff did not file a civil action within 90 days of receiving this letter. In fact, the only action filed by the Plaintiff is the instant matter, which was not filed by the Plaintiff until March 18, 2004, well beyond the 90 day time limit. Furthermore, when specifically asked in his deposition about his failure to file a timely action Plaintiff, obviously acknowledging that such was the case, explained that "I had no legal counsel at that time, the same as right now. I didn't know what to do." (Pl.'s Depo., pg. 99).

Therefore, absent unusual circumstances which are not present here, Plaintiff's claims as they relate to his first charge with the EEOC are time barred.

**B.   Plaintiff's Second Charge**

On May 21, 2002, Plaintiff filed a second charge with the EEOC, in which he alleges a failure to accommodate claim in violation of the ADA, an age discrimination claim in violation of the ADEA and a

6

retaliation claim in violation of the ADA. Defendants again attack the timeliness of these charges, this time arguing that these claims are time barred because Plaintiff did not file his second charge with the EEOC within 300 days of the occurrence of the adverse employment actions which serve as the basis for each of Plaintiff's claims, as required by law. (Defendants' Motion, pg. 1)

It is settled law that claims filed in a deferral state, such as Pennsylvania, alleging unlawful employment practices under the ADA and/or the ADEA must be filed with the EEOC within 300 days of the date upon which the alleged unlawful employment practice occurred. Watson v. Eastman Kodak Company, 235 F.3d 851, 854 (3d. Cir. 2000); Peter v. Lincoln Tech. Inst., 255 F.Supp.2d 417, 427 (E.D.Pa. 2002)(citing to 42 U.S.C. § 2000e-5(e)(1)(2002).

1. Accommodation Claim

In his second charge, just as in his first charge, Plaintiff alleges that Defendants discriminated against him on the basis of his disability when they refused to return him to his previous position as a deputy sheriff on light duty, while accommodating other individuals within the Sheriff's Department. (Pl.'s Depo., Ex. #36). Therefore, the unlawful employment practice relied upon by Plaintiff in support of this claim is Defendants' denial of his request to be returned to his old position on light duty work.

As already stated, Defendants denied Plaintiff's request for an accommodation on July 1, 1999, at which point Plaintiff remained on

disability leave. (Pl.'s Depo. Ex. # 14; Defendants' Pre-Trial Statement, pg. 3). Plaintiff filed his second charge with the EEOC on May 21, 2002, which clearly was well beyond 300 days from when Defendants allegedly refused to accommodate his return to work. (Pl.'s Dep., Ex. #36). As stated, this is the alleged unlawful employment practice relied upon by the Plaintiff in support of his failure to accommodate claim.

The Court does note that while Plaintiff was on leave he made repeated requests, either personally or through his attorney, that he be returned to his previous position as a deputy sheriff performing duties which would reasonably accommodate his ability to do the job, which requests were denied by Defendants. (Pl.'s Depo. pg. 141 and Ex. #36). For example, on September 5, 2001, Plaintiff's attorney, after acknowledging Defendants' attempts to place Plaintiff in alternative positions, requested that Plaintiff be considered for a senior deputy position within the Sheriff's Department which had significantly lower physical requirements and for which he believed he was qualified. (Pl.'s Depo., Ex. #31). This request was denied.[3]

To the extent that Plaintiff argues that Defendants' denials of his repeated requests to be reinstated to his former position on

---

[3] The Court need not analyze the specific positions Plaintiff requested or the reasons set forth by the Defendants for denying the requests, as it is not relevant to the timeliness of Plaintiff's claims.

light duty constitute separate actionable unlawful employment practices so as to start a new limitations period for filing a charge, the Court finds that such an argument must be rejected. While it is clear that actions such as terminations, failures to promote, denials of transfer, and refusals to hire are considered to be separate incidents of discrimination giving rise to a new claim of discrimination, the Third Circuit has held that the repeated refusal of an employer to reinstate an employee to a formerly held position does not have the same effect. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Zdziech v. DaimlerChrysler, Corp., 114 Fed.Appx. 469, 471-472 (3d. Cir. 2004) (citing NLRB v. Pennwoven, 1194 F.2d 521, 526 (3d. Cir. 1952)).

Specifically, in Zdziech, the plaintiff, Stanley J. Zdziech, aggravated a preexisting condition and was placed on disability on October 27, 1998. Zdziech, 114 Fed.Appx. at 471. On February 24, 2000, Zdziech's condition improved enabling him to return to his previous position with a reasonable accommodation, but his employer, Daimler Chrysler Corporation ("DCC"), refused to reinstate him. Zdziech at 471. After DCC's initial refusal to accommodate plaintiff's condition, the plaintiff sent multiple letters requesting to be returned to work with reasonable accommodation, the last of which was dated May 1, 2000. Id. at 471. All of these repeated requests were denied or ignored by DCC. Id.

The Third Circuit, in affirming the District Court's holding, rejected the plaintiff's argument that each of his requests for reinstatement, denied by DCC, constituted a discrete act of employment discrimination which restarted the 300-day clock for filing a claim with the EEOC. Id. Instead the court found that "Zdziech's complaint and each subsequent letter, stem from DCC placing him on disability leave on October 27, 1998" and, therefore the 300-day statute of limitations to file his claim with the EEOC began to run on that day. Zdziech, 114 Fed. Appx. at 471-472.

In the case at bar, just as in Zdziech, the Court finds that Plaintiff's disability complaint and subsequent requests for reinstatement stemmed from Defendants' initially placing Defendant on extended disability leave and refusing to return him to work with accommodations. Therefore, Defendants' continued refusals to grant these requests do not restart the statute of limitations for this claim. See Zdziech at 472. Accordingly, the 300 day limitations period on Plaintiff's failure to accommodate claim began to run upon Defendants' initial refusal to accommodate him, i.e. July 1, 1999. Therefore, Plaintiff's May 21, 2002 filing of his second charge with the EEOC was untimely with respect to Plaintiff's accommodation claim, thereby rendering this claim time barred.[4]

---

[4] Also, while it is not clear if Plaintiff makes such an argument, the Court finds, for those reasons set forth in Zdziech, that Defendants' continued refusal to return Plaintiff to his previous position shall not be considered a continuing act of ongoing (continued...)

2.   Age Discrimination Claim

Just as with the failure to accommodate claim, the adverse employment action relied upon by Plaintiff in his age discrimination claim is Defendants' refusal to return him to his position as a deputy sheriff performing light duty work, which occurred on July 1, 1999. More specifically, Plaintiff asserts that for Defendants to make necessary accommodations for David Palumbo, but not do the same for him was not only disability discrimination in violation of the ADA, but also constituted age discrimination in violation of the ADEA, as David Palumbo was younger than he. (Pl.'s Depo., Ex. #36).

For the reasons stated above, the Court finds that Plaintiff's age discrimination claim stems from Defendants' refusal to return him to work with the necessary accommodations as they had with an employee who was younger than Plaintiff. His age discrimination claim is time barred, therefore, as it was not filed with the EEOC within 300 days of the occurrence of this alleged unlawful employment practice which took place on July 1, 1999.

3.   Retaliation Claim

Plaintiff's second charge also included a claim that Defendants retaliated against him for filing his first EEOC charge, in violation of the ADA and/or the ADEA. (Pl.'s Depo., Ex. #36). As previously stated, in order for Plaintiff's retaliation claim to

---

[4](...continued)
discrimination, thereby creating a continuing violation.   See Zdziech,114 Fed.Appx. at 472.

11

proceed, he must have filed his second charge addressing this claim with the EEOC within 300 days of the underlying alleged unlawful employment practice.

Plaintiff alleges that Defendants terminated his employment by letter on November 29, 2001 and that they did so in retaliation for his filing his first charge with the EEOC back in November of 1999. (Plaintiff's Reply to Timeliness of EEOC Case, pg. 1). Therefore, because Plaintiff alleges an unlawful employment practice, i.e. termination of his employment by Defendants, which clearly falls within 300 days of his filing of his second EEOC charge, which occurred on May 21, 2002, the Court finds that this claim is not time-barred and, Plaintiff may proceed on this claim only. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)(recognizing a termination as one type of separate incident of discrimination giving rise to a new claim of discrimination).

To the extent that Defendants dispute the effect of the November 29, 2001 letter to Plaintiff, the Court finds that, drawing all inferences in a light most favorable to the Plaintiff, the record is replete with evidence, including, but not limited to, Defendants' own internal memoranda trying to determine Plaintiff's "fate", on March 8, 2001 (Pl.'s Depo., Ex. #27), and whether "to terminate" Plaintiff, on November 19, 2001 (Appendix, Ex. #33), which would tend to support Plaintiff's contention that Defendants

did not make their "final, ultimate, non-tentative decision to terminate" the Plaintiff, and did not give Plaintiff "unequivocal" notice of the final termination decision until November 29, 2001. See Flannery v. Recording Industry Association of America, 354 F.3d 632. Defendants' arguments to the contrary, at best, demonstrate that this is an issue of material fact, which must be determined by a jury.[5]

### V. CONCLUSION

Based on this Court's analysis of all relevant factors, it is clear that Plaintiff's failure to accommodate and age discrimination claims are untimely and, therefore, Plaintiff may not proceed on these claims. However, for reasons already stated the Court finds that Plaintiff's retaliation claim was filed in a timely fashion with the EEOC, and, therefore, he may proceed on this claim. Accordingly, Defendants' summary judgment is granted in part and denied in part.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

---

[5]Again, this finding does not speak to the merits of Plaintiff's retaliation claim, but simply to its timeliness. While Defendants set forth what may be considered a legitimate business reason for Plaintiff's alleged termination on November 29, 2001, i.e. Plaintiff was absent from work for more than 24 months, and, therefore, terminated pursuant to the union labor agreement, and not as a form of retaliation, such an argument touches on the merits, which the Court has refused to address due to Defendants filing their motion in an untimely manner.

Dated:     March 6, 2006

cc/ecf:    Dennis A. Palochak
           John A. McCreary, Jr., Esquire
           Carl H. Hellerstedt, Jr., Esquire